HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CLIFFORD S DANIELS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>THE BOEING COMPANY,<br><br>　　　　　Defendant. | CASE NO. C13-5679 RBL<br><br>ORDER GRANTING PARTIAL SUMMARY JUDGMENT<br><br>[Dkt. #32] |

THIS MATTER is before the Court on Defendant Boeing's Motion for Partial Summary Judgment [Dkt. # 32]. A Boeing employee drove a forklift into a cart that in turn struck Plaintiff Clifford Daniels, causing a shin laceration that required surgery and a two week hospital stay. Daniels claimed that the industrial accident also aggravated a pre-existing, degenerative condition in both knees.  L&I determined Daniels's knee condition pre-dated the accident, and he appealed. The Board of Industrial Insurance Appeals affirmed, and Daniels sought a trial de novo in Superior Court. The Pierce County Judge similarly determined that the knee condition was not related to or caused by the accident. Daniels's appeal of that judgment is pending.

In the meantime, Daniels sued Boeing here, claiming Boeing is liable for all of his claimed injuries, including his knees. Boeing concedes it is liable for all of the damages caused

by the accident, but argues the "pre-existing" nature of the claimed knee injuries has already been determined as a matter of law. Daniels argues that the prior adjudication is not binding, both because Boeing was not a party to it and because it is not yet final.

### I.     FACTUAL BACKGROUND

In 2010, Daniels, a DHL Express driver, was picking up a shipment at Boeing's Spare Parts Building. While he did paperwork, a Boeing employee drove a forklift into a cart, which in turn struck Daniels's lower legs. He suffered a laceration on his left shin, a few inches below his knee. Daniels spent 12 days in the hospital, undergoing muscle and skin grafts. Daniels has admitted he had a pre-existing degenerative knee condition and osteoarthritis, but claims the Boeing accident also aggravated his arthritic knees.

Daniels made an L&I claim against DHL. L&I adjudicated the extent of the damages to his leg and knees, and determined that the knee issues were not caused by the accident. He appealed to the Board of Industrial Insurance Appeals. It affirmed, concluding: "the evidence does not indicate on a more probable than not basis that the claimant sustained knee injuries during his 2010 accident."

Daniels sought a trial de novo in Pierce County Superior Court. Though he could have demanded a jury trial, he chose to have the case heard from the bench. Daniels again did not dispute the pre-existing knee injury, but claimed the accident proximately caused aggravation and a resulting disability. Judge Linda Lee determined there was pre-existing end stage degenerative arthritis, and that no evidence linked that condition specifically to the accident. She found that the accident did not cause or aggravate Daniels's degenerative knee condition, and affirmed the Board's decision. Daniels's appeal of that judgment to the Washington Court of Appeals is pending.

Meanwhile, Daniels sued Boeing here, seeking damages for both the laceration and the aggravated knee condition. Boeing concedes that it is liable for all injuries caused by the accident, but argues it has already been determined that the knee damages pre-dated and were not aggravated by the accident. It claims Daniels is collaterally estopped from claiming damages for his knee in this court because the same issue has already been finally adjudicated on the merits. It also argues, persuasively, that the fact the prior final judgment is on appeal does not deprive it of collateral estoppel effect.

Daniels argues that collateral estoppel does not apply for two reasons: First, because Boeing was not a party to the prior adjudication, and second, the adverse judgment is not "final" because it is on appeal. The issue is what effect the prior adjudication and pending appeal have on collateral estoppel in this case.

## II.    DISCUSSION

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from

which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

Collateral estoppel prevents re-litigation of an issue "when an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment." *Amadeo v. Principal Mutual Life Insurance Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002). Collateral estoppel applies when the following factors are satisfied: first, the issue decided in the prior adjudication is identical to the issue in the present action; second, the prior adjudication resulted in a final judgment on the merits; and third, the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication. The party against whom collateral estoppel is asserted must have had a full and fair opportunity to litigate the issue in the prior proceeding. *See Maciel v. Comm'r of Internal Revenue*, 489 F.3d 1018, 1023 (9th Cir. 2007).  And the determination of the issue must have been essential to the prior judgment. *Amadeo*, 290 F.3d at 1159.

The party asserting collateral estoppel does not have to be a party in the prior proceeding. Rather, collateral estoppel requires only that the party *against* whom it is asserted must have been a party to (or in privity with a party to) the prior adjudication. *Christensen v. Grant County Hosp.*, 152 Wn.2d 299, 306 (2004); *Carter v. C.I.R.,* 746 F.3d 318, 321 (7th Cir. 2014). It is clear, therefore, that Boeing's absence as a party to the prior proceeding does not deprive the judgment rendered there from collateral estoppel effect.   Daniels *was* a party, and he had (multiple) demonstrably "full and fair" opportunities to litigate the issue.  If it resulted in a "final judgment on the merits," the prior adjudication is entitled to collateral estoppel effect as a matter of law. The only remaining issue is whether the fact that Daniels appealed that judgment prevents it from being final," thus depriving it of collateral estoppel effect.

In Washington, the appeal of an adverse judgment does not deprive it of finality for purposes of collateral estoppel. *See Nielson v. Spanaway Gen. Med. Clinic, Inc.*, 135 Wn.2d 255, 264 (1998) (an appeal does not suspend or negate the collateral estoppel aspects of a judgment entered after trial); *Gausvik v. Abbey*, 126 Wn. App. 868, 883 (2005) (same).

Daniels asserts that collateral estoppel does not apply because the Court of Appeals has not ruled. The Superior Court already determined the knee injury issue, and that judgment is "final" despite Daniels's appeal. Collateral estoppel bars Daniels from seeking those damages in this case as a matter of law.

Boeing's Motion for Partial Summary Judgment on Daniels's claimed "knee injuries" is GRANTED, and Daniels's claim for those damages is DISMISSED.

IT IS SO ORDERED.

Dated this 7th day of October, 2014.

_____
RONALD B. LEIGHTON (as authorized/dn)
UNITED STATES DISTRICT JUDGE